CHITTENDEN,
January,
1833.

WILLIAM BRADLEY *vs.* SAMUEL ANDERSON.

Parol evidence is inadmissible to contradict, vary, or explain a written con-
tract, or show it different from what it purports to be.

If A. as payee of a promissory note, sue B. as maker of the same ; B. shall
not be permitted to give parol evidence of facts, which amount only to an *in-
nocent mistake* in A. in writing the note, to prevent A's recovery ; nor shall B.
give parol evidence of such facts, under a false pretence, that they show *fraud*
in A in writing the note.

This was an action of assumpsit upon a promissory note
dated April 23, 1828, for the sum of fifty-five dollars pay-
able in cattle or grain, two years after date, with interest—
Plea, General Issue.—Upon the trial of this issue, the de-
fendant contended that a mistake had been made or fraud
practised upon him by the plaintiff, in writing the note,
which was admitted to have been written by the plaintiff,
and that the contract as agreed upon by the parties at the
time of the execution of the note in question was, that the
note was to be made payable in two years from its date in
his, the defendant's work as a carpenter, or in cattle in the
month of October, or in grain in the January following ;
and to maintain the issue on his part, offered to prove that
the plaintiff in the month of December, 1829, admitted
that such was the contract on which the note was given,
and that the note was so written. And, also, that on one
other occasion, subsequent to the date of the note, the
plaintiff informed the witness that he had a note against
the defendant, and the defendant did not know when it
would be due.—All which evidence was objected to, and
excluded by the Court, upon which the defendant except-
ed. The exception was allowed by the Court below and
comes here for adjudication.

Opinion of the Court was pronounced by

BAYLIES, J.—Parol evidence is inadmissible to contra-
dict, vary, or explain a written contract, or to show it dif-
ferent from what it purports to be on the face of it, for rea-
sons assigned by *Lord Coke,* who says, " It would be in-
convenient, that matters in writing made by advice, and
on consideration, and which finally import the certain
truth of the agreement of the parties, should be controlled
by an averment of parties to be proved by the uncertain

testimony of slippery memory; and it would be dangerous to purchasers, and all others in such cases, if such crude averments against matter in writing should be admitted." *Countess of Rutland's case*, 5 Rep. 26.

CHITTENDEN,
January,
1833.
————
Bradley
vs.
Anderson.

Although these observations were made concerning a deed, they will equally well apply to any written contract not under seal.

If parol evidence, which is offered to the jury to super-add something to a written contract, would vary such contract, the evidence is inadmissible. *Powell vs. Edmunds*, 12 East. 6; *Graves vs. Ashlin*, 3 Camp. 426.

So it has been decided, that parol evidence is inadmissible for the purpose of altering the legal operation of an instrument, by evidence of *an intention* to that effect, which is not expressed in the instrument. Thus the defendant cannot be admitted to prove that at the time of making a promissory note, it was agreed, that when the note became due, payment should not be demanded, but that the note should be renewed. *Hoar vs. Graham*, 3 Camp. 57. *Hogg vs. Smith*, 1 Taunt. 347. No parol evidence can be received to explain an agreement in which there is no *latent ambiguity*; *Coker vs. Guy*, 2 B & P. 565. Nor to prove an additional rent payable by a tenant beyond that expressed in the written agreement for a lease; *Preston vs. Mucean*, 2 Black. 1249. Nor to show that a part of the premises contained in a deed were intended to be excepted from the grant; *Jackson vs. Gray*, 12 J. R. 427. Nor to show that a lease executed in the name of, and reserving a rent to, one person, was intended for the benefit of another; *Jackson vs. Foster*, 12 J. R. 488. Nor to show a *mistake* in a note or written agreement. *Fitzhugh vs. Runyon*, 8, J. R. 375.

In the case of *Stackpole vs. Arnold*, 11 Mass. Rep. 27, the Court decide, that parol evidence is inadmissible to contradict, vary, or materially affect any written contract whether under seal or not: but as an exception to this rule the want of consideration for a promissory note, or fraud in obtaining it, may be shown by parol evidence in an action on the note between the original parties.

The subject of parol evidence being admitted to affect written contracts, has often been before this Court; but I

CHITTENDEN,
January,
1833.

Bradley
vs.
Anderson.

shall remark upon only a single case : *Brown* brought his action against *Bebee* on a promissory note of the following tenor :

"*Sixteenth of March*, 1812.

For value received I promise to pay Jonathan Brown Sixteen, on the first day of May next, with interest."

(Signed)     AARON BEBEE.

The plaintiff in his declaration 'averred, that the word, *Sxiteen* in the note, meant *Sixteen Dollars*, and on trial offered to prove his averment by parol evidence, which was objected to, and excluded by the County Court.    The defendant excepted, and the case came  to this Court to be heard at Rutland, Feb. Term, 1814.  *Chipman*, C. J. in pronouncing the opinion of the Court, said " the rule certainly is, that parol proof cannot be admitted to explain, extend, or vary a written contract.    There is but one exception, if it may be called an exception, that is, in the case, of a *latent ambiguity*.   As in the case usually put, of a devise to A.   and there are two persons by the name of A.   father and son; appearing by parol proof, introduces an *ambiguity*, as to the person intended by the testator.    But as the *ambiguity* is not apparent on the face of the devise, it is called *latent ambiguity*.   And as it is raised by parol, it may be explained by parol.    But where there is a devise of $50,000 wholly omitting to name any devisee ; this is a *patent ambiguity,* which cannot be explained by parol."

But it is said, that this is *a mistake*, and that *mistakes* are allowed to be rectified.    There are cases in which a Court of Chancery will   correct *a mistake*, or rather, compel the party to correct it, by supplying what was omitted by *mistake* ; but this does not belong to a Court of law."

" But in this  action,  brought on the  note, the  County Court were right in rejecting parol evidence, to prove what the note should have been, or how it should have been written ; the decision is supported equally by precedent, and the soundest principles."    1 D. Chip. Rep. 228.

It now remains for us to apply the above principles of law to the case before us, and come to a decision, whether the County Court erred in excluding the evidence, which was offered by the defendant.

The note in suit was dated  April 23, 1828, for $55,00

payable in cattle, or grain, two years after date with inter-
terest.

The defendant offered parol evidence to prove, "that
the contract as agreed upon by the parties at the time of
the execution of the note in question, was, that the note
was to be made payable in two years from its date in his
the defendant's work as a carpenter, or in cattle in the
month of October, or grain in the January following."—
And to induce the Court to admit the evidence, the de-
fendant insisted, " that *a mistake* had been made, or *fraud*
practised upon him by the plaintiff, in writing the note,
which was admitted to have been written by the plaintiff.
If it were merely a mistake in writing the note the
above cases in the 8 J. R. 375, & 1 D. Chip. Rep. 228
show that parol evidence is inadmissible to prove such *mis-
take*. It is not suggested, that the plaintiff intentionally
wrote the note differently from the contract; nor that the
defendant did not read the note, and understood its con-
tents before he signed it; therefore, if there was a differ-
ence between the note and contract, we are not to conclude,
that it was the effect of *fraud*, but of *mistake*, which could
not be given in evidence to affect the plaintiff's right of
recovery.

Again, to admit this evidence, when there was nothing
but a *mistake*, would be to admit evidence *to contradict*, or
*vary* the note, which is not admissible.

So if " the plaintiff informed the witness, that he had
a note against the defendant, and the defendant did not
know when it would be due," it did not tend to show, that
the plaintiff was guilty of a *fraud* in writing the note. It
is always the intendment of law, that a person is innocent
of a *fraud*, or any other imputation affecting his character,
until it is made to appear. We consider, in this case, all
the facts, offered to be proved, were entirely insufficient in
the law to show that the plaintiff had been guilty of a
*fraud*; therefore the parol evidence offered to prove those
facts was properly excluded, not only as it respected a *mis-
take*; but also as it respected *fraud* in writing the note
different from the contract.

- The judgement of the County Court is affirmed.

*Manser*, for plaintiff.
*Briggs*, for defendant.