## JOSHUA J. MIX *v.* HENRY A. WHITE.

*Evidence. · Contract. Bills and Notes. Want of Consideration.*

In general assumpsit in which plaintiff sought to recover from the maker the sum due on a promissory note, defendant offered before the referee to prove that the note, which was drawn by defendant's daughter by defendant's direction, was drawn by mistake for too large a sum. *Held*, not a question of want or failure of consideration ; and that the evidence was inadmissible.

GENERAL ASSUMPSIT. The plaintiff sought to recover the sum due on a promissory note whereby the defendant on March 8, 1871, promised to pay Helen Kenyon, or bearer, $200, on demand, with interest, and whereon were indorsements of $75 on April 20, 1875, and $40 on July 10, $30 on September 20, and $35 on November 27, 1876. The case was referred, and the referee reported that the note was written and signed on the day of its date, by the defendant's daughter, at the request of the defendant, who could not read nor write, and by the daughter delivered to the payee, of whom the defendant then borrowed a sum of money. The defendant offered evidence before the referee tending to prove that he borrowed of the payee only $100, and directed his daughter to draw the note for that sum, and understood that it was drawn for that sum, and did not learn until June or July, 1876, that it was drawn for a larger sum, and that his daughter made a mistake in the sum by copying from an old note and from a form book in which the sum was the sum for which the note was actually drawn. The plaintiff objected to the introduction of such

evidence, but it was received, to which the plaintiff excepted. The plaintiff offered evidence to prove that the note was drawn for the proper sum. The referee found that the defendant borrowed of the payee $100 only, and that the note was intended to be and should have been drawn for that sum ; that the plaintiff intermarried with the payee in November, 1874, when the note was past due ; and that the note then became the plaintiff's property, subject to all defenses that would have been available against the payee. The referee further found that the original consideration of the note had been more than paid, and that the defendant should recover his cost ; but that if the court should be of opinion that the evidence tending to vary the terms of the note was improperly admitted, the sum due on the note was $95.48. The plaintiff excepted to the report, for that, among other things, the referee admitted evidence to vary the terms of the note.

At the April Term, 1879, the court, REDFIELD, J., presiding, rendered judgment, *pro forma*, on the report for the plaintiff for $95.48, and costs ; to which the defendant excepted.

*H. N. Deavitt*, for the defendant.

Referees may decide according to the principles of equity. *Hazeltine* v. *Smith*, 3 Vt. 535 ; *Johns* v. *Stevens*, 3 Vt. 308 ; *White* v. *White*, 21 Vt. 255. The report is conclusive. *White* v. *White, supra ; Roth* v. *Colvin*, 32 Vt. 125, 133 ; *Eddy* v. *Sprague*, 10 Vt. 216.

It was competent for the defendant to show any or all of the facts relating to the transaction in which the note was given. Under a reference the whole subject is open to inquiry, without regard to particular issues or pleadings. *Cook* v. *Carpenter*, 34 Vt. 121 ; *Clifford* v. *Richardson*, 18 Vt. 620, and other cases.

*S. H. Davis*, for the plaintiff.

The defendant cannot have the alleged mistake corrected in an action at law ; he must resort to chancery. It is not competent to show that the note was drawn for too large a sum as showing failure or want of consideration. Evidence to prove that would prove a different contract. See *Downs* v. *Webster*, Brayt. 79 ;

*McDuffie* v. *Magoon*, 26 Vt. 518; *Bradley* v. *Anderson*, 5 Vt. 152. And see cases *passim* as to the introduction of parol evidence to vary a written instrument.

The opinion of the court was delivered by

BARRETT, J. The note as delivered was in common form for $200. Defendant claimed, and the referee received evidence to show, and he has found, that, by mistake, it was written for $100 too much. It was written by defendant's daughter as his scrivener, in his presence, and it was delivered on his receiving whatever sum of money he borrowed of the payee. It is to be regarded the same as if it had been written by the defendant himself, so far as the question as to showing the alleged mistake is concerned. That evidence was received under objection and exception. Was it permissible to receive it? The common money counts being as proper as a special count for recovering upon the note, the question stands for the same consideration as if it had been specially declared upon. In either case the note would be evidence of a contract in writing to pay, for value received, the sum of $200.

This is not a case involving the subject of *no consideration* or a *failure of consideration*, as understood in the law. The doctrine of that subject is not predicable of *mistake* in the terms of the contract by which it expresses more to be paid than was in fact agreed, but only when the contract is drawn according to the agreement and the consideration for such agreement fails to answer what the promising party understood and had a right to understand it to be. This being so, it is only needful to determine whether the evidence to show the alleged mistake was properly received. In *McDuffie* v. *Magoon*, 26 Vt. 518, the defendant offered to show in defence by parol that certain notes upon the amount of which depended the defendant's liability to pay the note in suit, were, by mistake in casting interest, made too large. In the opinion by REDFIELD, C. J., it is said: "Such evidence is not competent to show that by mistake the notes were originally made too large. Such evidence no more shows a failure or want of consideration than, when a note is given for one sum, as the

price of a chattel sold, it makes out such a result, by proving that the price was in fact agreed to be less. The evidence in both cases shows the contract to be different from that expressed in the note. . . It has been repeatedly decided by this court that such evidence is not competent to defeat a note at law." The question was explicitly decided in *Bradley* v. *Anderson*, 5 Vt. 152, where the alleged mistake was in the note sued upon. This was but an application of the principle of the decision in *Downs* v. *Webster*, Brayt. 79. The same was held in *Fitzhugh* v. *Runyon*, 8 Johns. 375.

The question of *fraud* in procuring the note as it was when delivered, is not involved in this case.

No point is made, nor book cited, by defendant's counsel, to show that such evidence was admissible as to mistake.

*Judgment affirmed.*