GOODRICH AND OTHERS *VS*. STANLEY.

Where the decree of a court of chancery, on a bill of foreclosure, ordered the defendant to pay an amount greater than that which appeared, by the finding of the court upon which such decree was founded, to be due upon the mortgage debt, or be foreclosed; it was held, that such decree was erroneous, and ought to be reversed.

Where a negotiable promissory note, secured by a mortgage, has been assigned by the payee, for a valuable consideration, when over due, and the maker notified of such assignment, such note becomes in equity, payable to the assignee, and no subsequent payment, by the maker to the payee, can effect the rights of the assignee, nor can any subsequent indebtedness, from the maker to the payee, be set off against said note.

On a bill of foreclosure, by such assignee, parol evidence of an agreement between the maker and payee, that such note should be paid in labor, and not in money, made before and at the time of the execution of the note, is not admissible, to vary the legal effect of the note, or to vary the rights of such assignee, but is admissible, to prove the application of services performed by the defendant for the payee, under such agreement, as payment of such note; and also to prove such services, as a distinct ground of indebtedness.

A mere consent of the payee, to receive payment of such note in labor, instead of money, without any agreement on the part of the maker, so to pay, given after the execution of the note, and before such transfer and notice, and of which the assignee has no knowledge, at the time of the transfer, does not affect the rights of the latter.

THIS was a bill in chancery, brought to the superior court in the county of Hartford, to foreclose certain mortgaged premises. The cause was referred to a committee, whose report embraced the following facts, to wit:

On the 26th day of October, 1837, Goodrich, one of the original defendants, was indebted to Samuel Booth, by note, dated the 25th day of October, in that year, in the sum of $453.50, payable on demand, with lawful interest, and to secure the payment of the same, mortgaged to Booth certain real estate, situated in New Britain.

On the 21st day of July, 1838, Booth assigned the mortgage to the plaintiff, and notice of the assignment was given to Goodrich, in the month of November following. The interest on the note was paid and endorsed to the 25th day of January, 1840, and on the 5th of February following, a payment of $50 was made and endorsed upon the note. These payments, amounting to $111.22, were due from Booth to Goodrich, for work and labor performed, under the contract herein after mentioned, and the endorsements were made by Booth, with the consent of the plaintiff.

Although the transfer of the mortgage was, in form, absolute, yet it was, in fact, conditional, made to secure certain debts due from Booth, and certain liabilities assumed by the plaintiff, and together amounted, on the 27th of September, 1853, to $749.50. The value of the mortgaged premises was $900.

The defendants offered parol evidence, to prove the following facts, which the committee found to be true, if parol evidence were admissible to prove the same.

In the year 1836, Booth entered into an agreement to build a house for Goodrich, and receive payment in the labor of Goodrich, who was a blacksmith. Booth built the house, and received, in the labor of Goodrich, about $600, and the note and mortgage were given for the balance, due upon that agreement, with the understanding, that the note was to be paid in Goodrich's labor, according to the original agreement. After the execution of the note, and after the assignment, as well as before, Booth agreed that, if Goodrich would labor for him, he would apply the value, as fast as the services were performed, in part payment of the note. In pur-

Goodrich and others *v.* Stanley.

suance of, this arrangement, Goodrich continued to perform labor for Booth, and deliver him articles manufactured by himself, which Booth agreed to endorse and apply on the note.

The amount of the labor and goods thus furnished, at the time of the assignment of the note, was $42.55; at the time notice of the assignment was given, $61.61 more; and on the first day of May, 1851, the whole amount was $876.86. Booth failed in 1839, and died insolvent in 1846. The plaintiff had no knowledge of the parol agreement, and when notice of the assignment was given to Goodrich, he made no claim, in regard to it.

Goodrich and the administrator upon the estate of Booth were made defendants, and after the report of the committee, and before the decree was passed, Goodrich also died, and the administrator upon his estate, and his widow and heirs, were made defendants.

The committee found the amount due upon the note of Goodrich, including interest, on the 27th day of September, 1853, to be $845.27.

The cause came on for trial, at the April term, 1854. The defendants claimed, that the note had been paid by the services of Goodrich, and, if not paid, the amount of his claim ought to be set off against the note. The court accepted the report, and found the facts therein stated to be true, but, being of opinion, that the parol agreement, as found by the committee, was not legally admissible to affect the interest of the plaintiff, passed a decree that, unless the defendants should pay to the plaintiff the sum of $749.80, being the amount due to him from Booth, with the interest thereon, from September, 1853, and the costs on the petition, on or before the first Monday in January, 1855, they should be foreclosed.

The defendants, thereupon, filed their motion in error, and the case was brought before this court.

*Welles* and *Fellowes*, for the plaintiffs in error, contended,
1. That parol evidence was admissible, to prove the sub-

sequent parol agreement.    Cowen & Hill's notes to Phillips on Ev., Part II., vol. 3, p. 1461; also, p. 1477.    *Ward* v. *Winship*, 12 Mass. R., 481.    *Eaves* v. *Henderson*, 17 Wend., 190.    *Dearborn* v. *Cross*, 7 Cow., 50.    *Bailey* v. *Johnson*, 9 Cow., 115, 118.    *Robinson* v. *Batchelder*, 4 N. Hamp., 40. *Low* v. *Treadwell*, 3 Fairfield, 441.    *Richardson* v. *Hooper*, 13 Pick., 446.    *Cummings et al.* v. *Arnold et al.*, 3 Met., 486. *Hall* v. *Sage*, 5 Day, 428.    *Raymond* v. *Smith*, 5 Conn. R., 556.    Chitty on Con., 89.    *Vicary* v. *Moore*, 2 Watts, 451. *Crossman* v. *Fuller*, 17 Pick., 271.

2.  That, the agreement, being proved, would be a complete defence to this suit, if Booth were the plaintiff.   The parol agreement may be considered as changing the original contract into one payable in labor, so as to require an averment of request and refusal, before suit, or it may be considered in the light of an accord and satisfaction of the original contract. Chitty on Con., 589, and the cases there cited.  1 Com. Dig., Accord—B., 4.  3 B. & A., 701, (23 E. C. L., 16.)  In equity, this agreement attaches to the note, and furnishes a complete defence.    *Robinson* v. *Lyman*, 10 Conn. R., 30;  *Stedman* v. *Jilson*, 10 Conn. R., 55.

3.  That Stanley, the assignee of Booth, stands in the same position as the assignor, and is bound by all the equities existing between him and Goodrich.    *Mangles* v. *Dixon*, 18 Eng. L. & Eq., 82.  1 Hilliard on Mortgages, 362.   Coote on Mortgages, 31.   The title of Stanley is merely equitable, *Brush* v. *Curtis*, 4 Conn. R., 314.

4.  That the decree was erroneous, in ordering the defendants to pay more than was due upon the note of Goodrich, at the date of the notice.

*T. C. Perkins*, contra, contended,

1.  That the parol testimony offered by the defendants, was inadmissible to affect the assignee.   The writing can not be varied, by parol evidence of what took place previously to, or cotemporaneously with, the execution of the note, or subsequently thereto.   For there was no considera-

tion for the agreement attempted to be proved thereby, and the plaintiff had no knowledge of the same.

2. That, after the assignment of the note and notice, payment to the maker could not affect the assignee.

3. That the court will not act upon mere error in computation. 1 Sw. Dig., 790; 6 Mass. R., 772; 11 Wend., 481; 18 Wend., 329; U. S. Dig., vol. 4, 635.

WAITE, J. The decree, in this case, is, that unless the defendants pay to the plaintiff the sum of $749.80, with the interest thereon from the 27th day of September, 1853, being the amount due from the estate of Booth to the plaintiff, the defendants shall be foreclosed of all right to redeem the mortgaged premises.

If that amount was also due upon the mortgage, then the decree in respect to the debt, is right. But, if the heirs of Goodrich are required to pay more than is due upon the mortgage, or forfeit their interest in the property, then the decree is erroneous.

Our statute provides, that "courts of equity shall cause the facts on which they found their decrees to appear of record." Statutes, ed. 1849, p. 337. Hence, in this case, by our practice, a writ of error will lie, to reverse a decree of a court of equity, as well as a judgment of a court of law.

We must, therefore, look to the finding of the court, to see whether enough is there found, to justify a decree for the payment of that sum, by the heirs of Goodrich. It there appears, that Goodrich had paid, upon the note, by his labor, before the assignment, $42.55, and before notice of the transfer, $61.61 more, making together, $104.16.

These sums, it is admitted, on the part of the plaintiff, ought to be applied, in part payment of the note, and this, as he claims, has been done, inasmuch as they must have been included in the sums actually endorsed upon the note. But this is denied by the defendants.

It is, indeed, found, that the sums endorsed were for the services of Goodrich, under the parol agreement with Booth; but when they were performed, does not appear, and it is

not found that they embrace the two other items. There is no correspondence between them, either in date or amount, and nothing to justify us in saying, that the latter were embraced in the former.

Again, it is found, that, on the 27th of September, 1853, there was due upon the note, the sum of $845.27. If a true description of the note and endorsements is given, it is impossible to see how that result can be obtained, upon any principles. And this is admitted. There is, therefore, evidently, a mistake somewhere. But even if the amount has been correctly computed, and the two items of $104.16, have not been allowed, the balance, after their allowance, will not be sufficient to justify the decree.

Under these circumstances, we are inclined to think enough has not been found, to authorize the decree, and that justice requires, that the case should be sent back to the superior court, that the necessary corrections may be made.

As the decree, for the reasons already stated, must be reversed, it will perhaps be unnecessary for us to examine the other objections urged against it, with the exception of one, principally relied upon, in the argument, and which may be material, in the final disposition of the case.

The defendants claim, that the note has been paid by the services rendered by Goodrich, under the parol agreement, and if not so paid, they have a right to set them off against the balance due on the note. This claim would be well founded, had there been no transfer of the note, as the report shows, that the value of those services is greater than the amount due on the note, and that Goodrich has fulfilled his contract with Booth, and, of course, no suit could now be maintained in favor of the representative of Booth.

And as the note, although negotiable in form, was due at the time of the transfer, the plaintiff took it, subject to all the payments and equities, to which it was liable in the hands of the payee. *Robinson* v. *Lyman*, 10 Conn. R., 34.

Although the parol agreement made before, and at the

time of, the execution of the note, can not be received to vary or alter its legal effect, to show that it was payable in work, and not in money, yet it is admissible, for the purpose of showing the application of the services performed under it,—whether they were received in part payment of the note, or were intended to create a distinct indebtedness.

But, after the transfer and notice to Goodrich, the note became, in equity, due and payable to the plaintiff, and no subsequent payment made to Booth would affect his rights; nor can any set-off of a debt due from Booth be made.

It is however said, the agreement, made subsequent to the execution of the note, and before the transfer, changed the contract, and made it one payable in labor. We do not so understand the agreement. It is but the consent of Booth to receive payment in labor, instead of money; and so far as it has been executed on the part of Goodrich, it is binding upon Booth.

But, as the plaintiff is a *bona fide* assignee of the note, for valuable consideration, without any knowledge of the parol agreement, his rights are unaffected by it, so far as it remained executory, at the time notice of the assignment was given.

We have been told, in the argument, that there is a strong and imposing equity, in favor of these defendants; that Goodrich has paid the full amount of the debt, according to the original agreement of the parties; that the debt was assigned as mere collateral security, and the plaintiff omitted, for several months, to give the debtor any notice of the assignment, and after it was given, he permitted the assignee to make endorsements upon the note, for labor performed, under the original agreement; that he subsequently lay by, for a period of more than twelve years, without making any claim upon Goodrich; and now, after Goodrich has paid the full amount to Booth, and Booth has died insolvent, he is attempting to enforce payment, a second time.

These circumstances, certainly, have a tendency to awaken

suspicion that all is not right, and were proper for the consideration of the committee, when enquiring into the *facts* in the case,—but can have no effect upon the legal questions.

The decree of the superior court must, therefore, be reversed.

In this opinion the other judges concurred, except CHURCH, C. J., who was disqualified.

Decree reversed.