RIGHTSELL *v.* HALE.

(*Knoxville.* October 8, 1891.)

RIGHT OF WAY. *Apparent and implied.*

> If the owner of an estate sever it into two or more parts, and convey those parts to several and distinct purchasers, the grantee of a dominant portion will be entitled to, and the grantee of a servient portion will take subject to, a right of way from the one portion over the other, which had been used continuously for the period of twenty years or more by those claiming the united estate, and which had during that period been a plainly visible way, and was reasonably, though not absolutely, necessary to the dominant portion.

Case cited : Ferrell *v.* Ferrell, 1 Bax., 329.

FROM HAMBLEN.

Appeal from Chancery Court of Hamblen County. JOHN P. SMITH, Ch.

McFARLAND & DICKSON for Complainants.

JAMES G. ROSE for Respondents.

LURTON, J.   Complainants and defendant own adjoining parcels of land.  A narrow strip of defendant's land lies between that of complainants

and an old county road, known as the Dandridge road. This narrow strip has lain open and unfenced down to a very recent date. Complainants file this bill to set up an easement of way from his own land across that of the respondent to this old county road, and to prevent the erection of a fence in such way as to obstruct this easement.

The evidence shows that the way claimed has been continually used by the owners and occupants of the parcel now owned by complainants for a period of over fifty years, and that this way is the only open way from the residence of complainant to any public road. These two tracts were originally owned by Daniel Witt, and both were parts of a larger estate. The house now occupied by complainants was, during Daniel Witt's ownership, occupied by his tenants, and, for a part of the time, by his son, W. C. Witt. During this occupancy, this disputed way was the only way out from this place to any public road; and during Daniel Witt's ownership it was continuously used as a way of exit.

In 1865 or 1866 these two places were severed from the remainder of the estate and conveyed to W. C. Witt as one parcel. Witt lived where complainants now live, and his way out continued to be the one now sought to be set up. In 1871 W. C. Witt divided the tract into two parts, and by parol gave the part now owned by complainants to his daughter, Mrs. Rightsell, one of com-

plainants. The part now owned by defendant he gave to his son, W. T. Witt. He placed each in possession at date of this division. In 1876, W. T. Witt having sold his part, he united with him in a deed of conveyance to Wilson Smith and others. In 1879 he made a deed to Mrs. Rightsell for her part. In 1888 the Smiths conveyed the W. T. Witt tract to respondent.

From the date of this division, in 1871, down to 1889 complainants asserted and continuously used a way over the land now owned by respondent. This claim and user was acquiesced in by W. T. Witt and his vendees, the Smiths.

Respondent insists that while the two tracts were owned by the same person no easement could be fastened upon the one in favor of the other, and that the user since the severance of the estate has not been, for the time, requisite to presume a grant from himself or those under whom he claims. Where an easement depends solely upon adverse use, twenty years has been held as the time necessary to presume a grant. *Farrell* v. *Farrell*, 1 Bax., 329.

If complainants' case depends upon user since severance of the servient from the dominant estate, it has not been made out. Neither can the case of complainants be rested upon the ground that the way is one of strict necessity, and therefore reserved by implication when the heritage was severed. The evidence shows that prior to such severance, whether it be fixed as in 1871,

the date of the parol gift, or in 1876, the date when the servient estate was conveyed by deed to the vendors of respondent, that a public road had been opened up on the eastern side of the dominant estate, and that it was possible to have opened up a way across that estate from the residential parts to this public road. The mere fact that a way across the severed part would be more convenient than the possible way open to the owner of the estate asserting a way of necessity, is not enough.

A man cannot ordinarily acquire an easement in his own lands. But there are cases where two estates have been so used in relation to each other that, when the owner parts with one of them, he impliedly grants or reserves an easement in one in favor of the other. Complainants insist that this is such a case. For perhaps thirty years before any severance of these two parcels they had been parts of a larger estate. During all this time this way had been the only open or used way from the upper tract. Indeed, until shortly before the severance the Morristown road, on the eastern side of the dominant parcel, had not been opened, and there was no way of exit from the upper part but by way of this lower tract. After it was opened it was of no practical value to the upper estate, because of its distance from the houses and the expense of opening a way out to it. The occupants of the dominant parcel continued to exclusively use the way in dispute. At the time of

the severance, in 1871, this way was open and the only apparent way out to a public road, and the owner of the upper or dominant part continued to claim and use the way over the lower or servient portion. This continued for about nineteen years after severance, when the lower estate was bought by respondent, Hale. He admits that when he bought he had known of this way and its use by complainants for about eighteen years. It is true that none of the deeds conveying either parcel contain any reservation of this easement; but do not the facts imply a reservation of this easement when W. C. Witt conveyed the lower parcel, in 1876, to the vendors of respondent? The rule concerning such implied reservations is thus stated:

"If there be a severance of a heritage into two or more parts, in respect to which there has been a continuous and apparent easement used by the owner, such an easement will pass by implication with the dominant estate, although technically it could not have been enjoyed as an easement by the owner of the entire estate." 2 Wash. Real Estate, Book 2, side-page 28, *et seq.*

"This usually results," says the same learned author, "when the mode of using one part by the owner would, if continued the requisite length of time, have created an easement in the other if they had belonged to different persons." He suggests, and in this we agree, that this doctrine should be limited to cases where the easement is

reasonably necessary to the enjoyment of the domi-
nant estate. But it will be enough if it would
require an unreasonable expenditure to render the
other possible way convenient, having regard to
the value of the land to be accommodated. This
is substantially the rule in cases of ways purely
of necessity. 2 Wash. Real Estate, Book 2, side-
page 31.

This doctrine concerning easements by implica-
tion has been approved by this Court in *Brown* v.
*Bury*, 6 Cold., 98, a case which seems to have
been well considered. In that case it was said
concerning the revival of an easement of way ex-
tinguished by the union of title in one owner,
" that the way must be apparent, and the use con-
tinuous, and the way necessary, though not strictly
so, to the enjoyment of the estate granted." In
this case every element exists necessary to make
the way in question an easement appurtenant to
the land of complainants. The owners of the
united estates had for more than twenty years so
used the parcel owned by defendant as to have
fastened upon it an easement of way if it had
belonged to a different person. The way was
reasonably necessary to the enjoyment of the re-
served portion. While it was possible to make
another way out, yet to make such other way at
all convenient would involve an expenditure alto-
gether disproportionate to the value of the estate
to be benefited. The easement was, at date of
severance, an apparent one to the most casual ob-
36—6 p

Rightsell *v.* Hale.

server. The same facts existed when respondent bought. He had known this land for only some eighteen years. Yet he admits he knew when he bought that this road existed, and had been used by complainants as their way of exit for many years. The easement being an apparent one, he must be taken to hold subject thereto, and to have bought with notice.

Reverse the decree, and let the defendant be enjoined from so erecting his fences as to prevent complainants from passing over the land of defendant in a due south course from the point where the way enters upon defendant's land. If necessary, the case may be remanded, and the road laid off by Clerk and Master, with the aid of County Surveyor. Defendant will pay all costs.