PHYSICIANS MUTUAL HEALTH AND ACCIDENT INSURANCE
CO. *v.* A. H. GRIGSBY.

(*Knoxville,* September Term, 1932.)

Opinion filed October 22, 1932.

CARTER & MCKINNEY, for plaintiff in error.

S. S. KIRKPATRICK, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The original defendant prayed and was granted an appeal to the Court of Appeals from a judgment rendered against it by the Circuit Court of Washington County. The order granting the appeal, entered on the date judgment was rendered, recites: "and said defendant is given forty days from this date in which to perfect his said appeal, give bond, file his bill of exceptions, etc."

The appeal bond was filed within the forty days allowed, but more than thirty days from the date the appeal was prayed and granted. The record does not disclose the date on which the said circuit court was adjourned for the term. The Court of Appeals dismissed the appeal, on the ground that the appeal bond, having been filed more than thirty days after the entry of the judgment, was a nullity. That court said: "The trial judge has no authority to grant more than thirty days for the filing of the appeal bond."

The appellant filed its petition for *certiorari* in this court, which petition has heretofore been granted, and a writ of *certiorari* issued.

The Code of 1932, section 9047 (unchanged from Acts 1885, chapter 65), directs that an appeal shall be prayed and bond executed within thirty days from the judgment or decree, if the court holds so long, otherwise before the adjournment of the court. The section continues: "but for satisfactory reasons shown by affidavit or otherwise, and upon application made within the thirty days, the court may extend the time to give bond or take the oath in term or after adjournment of the court; but in no case more than thirty days additional."

Under this section of the Code an appellant has thirty days from the date of adverse judgment against him, within which to file his appeal bond as a matter of right, only "if the court holds so long." If the term of the

circuit court at which the order was entered continued for as long as ten days from the date of the order under consideration, we think the order was within the power of the court to make, since in that event it would not have extended the time for the filing of the bond more than thirty days from the date of the adjournment of the term. We see no reason for holding that this extension, within the limit authorized by the statute, may not be awarded at the time the appeal is prayed, if the court deems it proper to do so.

■ If the court holds as much as thirty days from the date of the rendition of a judgment, the circuit court is authorized by statute to extend the time for the filing of an appeal bond for an additional thirty days, making a maximum period of sixty days for the perfecting of an appeal by the filing of bond, as held in *England* v. *Young*, 155 Tenn., 506. But if the term does not continue for as much as thirty days from the date judgment is rendered, then the power of the circuit court to extend the time for perfecting the appeal is limited to the granting of thirty days from the date the term is adjourned. This we conceive to be the proper construction of the code section cited.

■ In the case before us it does not appear that the term at which judgment was rendered against petitioner extended beyond the date of the judgment. It, therefore, does not appear that the appeal bond was filed within thirty days from the adjournment of the term, beyond which the trial judge was without power to authorize its filing. Since the record does not show that the appeal was perfected in accord with the statute, we conclude that the Court of Appeals was correct in its order of dismissal.

█ The judgment rendered by the Court of Appeals was for costs against the appellant and the sureties on the appeal bond. The sureties contend that the appeal bond, being ineffective to take the case to the Court of Appeals, is a nullity, and therefore does not support the judgment for costs against them. This contention of the sureties must be sustained. Section 9110 of the Code supports the judgment for costs against the appellant, but does not authorize judgment against the sureties on the void bond.

The judgment of the Court of Appeals will be modified as directed, and otherwise affirmed.