SEARCY *v.* BRANDON.

(*Nashville,* December Term, 1933.)

Opinion filed Feb. 24, 1934.

TRUE & DORSEY, of Springfield, for appellant.

CHARLES WILLETT, of Springfield, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Complainant alleges that he executed a promissory note, dated January 16, 1930, payable and delivered to L. B. Stinnett, "for the sum of $691.22, due twelve months after date, and bearing interest from date," the consideration for said note being a certain house and lot conveyed by Stinnett to the maker; that following his execution of this note, Stinnett transferred it to defendant, Brandon; that complainant has heretofore made payments to defendant on said note, partly in cash and partly in work, totaling $387.70, for which he is entitled to credit thereon; that a lien was expressly retained in the deed executed conveying the land to complainant contemporaneously with the execution of the note, coupled with a power of sale in the payee, or holder, of the note upon default; and that advertisement of sale had been made thereunder for the 11th day of November, 1932.

It is shown that, on the face of the note and deed, a balance remained unpaid, on the filing of the bill, November 10, 1932, after allowance of the credits claimed by complainant and charging interest, of approximately one-

half of the principal. No charge is made that defendant disputes or is refusing to recognize the alleged credits; and no tender is made of the balance purporting to be due.

It is charged that prior to and contemporaneously with the execution and delivery of this note it was agreed that the note should be paid, not in money, as recited on its face, but in work to be performed by the maker for defendant, Brandon, who it is charged was a party to this agreement; that complainant offered to perform work from time to time sufficient to discharge the debt, and stood ready to do so, but that defendant had failed and refused to carry out this agreement, and was demanding payment of the note, or the balance unpaid on it, and had advertised the land for sale. An injunction was prayed and issued on the pauper's oath. The chancellor sustained a demurrer on several grounds and dismissed the bill. Complainant appeals.

It is apparent that the charges of the bill contradict the recitals of both the note and the deed exhibited with the bill. The note, as charged, is a plain promise to pay "the sum of $691.22." This is a promise to pay in money, and conforms in this essential to the requirements of the statute prescribing the forms of negotiable instruments. Code, sections 7325, 7450, 7508.

When the maker signed this note, he engaged, or agreed, to pay it according to its "tenor;" that is, the true meaning of the words and figures composing it. Code, section 7384. Since it provides for payment in dollars and cents only, proof of an agreement to pay in something else is incompetent. Defining "Dollar" as "The money unit of the United States," Bouvier says that, when the word "dollars" is used in "any instrument for the pay-

ment of money, the amount is payable in whatever the United States declares to be legal tender." Bouv. Law Dict., vol. 1, p. 912. Proof of a promise to pay in work, or cattle, or cotton, clearly contradicts the writing. Counsel for complainant refer to *First Nat. Bank* v. *Barbee,* 150 Tenn., 355, 265 S. W., 371, 373, and the recognition therein of the exception to the general rule that, as between original parties to a note, recovery could be defeated "by showing a contemporaneous parol agreement between the maker and the payee which induced the former to execute and deliver the notes, and which agreement had been violated by the payee," but counsel overlook what follows: "This is a wholly different matter from a showing that the maker did not agree to pay the note (as the writing expresses), but merely permits the introduction of evidence of fraudulent representations inducing its execution." And on page 360 of 150 Tenn., 265 S. W., 371, 372, it was said—peculiarly pertinent to the instant case: "We are aware of no well-considered case holding that the maker and signer of a written obligation may contradict the express terms of the writing, however numerous may be the exceptions by which he is permitted to deny his liability thereon." As well said by Lord Mansfield of the general rule, "The foundation is that you shall not by parol impeach a written agreement, and say that the agreement was different." And see *Litterer* v. *Wright,* 151 Tenn., 212, 268 S. W., 624, wherein this court said: "Parol proof of inducing representations to the making of a contract reduced to writing must be limited to matters not otherwise plainly expressed in the writing. . . . The fundamental distinction should be kept clearly in mind between the denied right to contradict the terms of the writing, and the recognized right

without so doing to resist recovery thereon, or to rely upon matters unexpressed therein. The ultimate test is that of contradiction, which is never permissible." Approved in *Deaver* v. *Motor Co.*, 163 Tenn., 429, 43 S. W. (2d), 199.

Tested by this statement of the rule, it seems clear that complainant here seeks to "say that the agreement was different," that he was not to pay the named sum in dollars and cents, but in labor, at agreed wages per day. The cases and text-books quoted from for complainant will be found quite generally to recognize the rule and distinction we note. For example, the brief of learned counsel concludes with the following quotation from 22 C. J., 1255:

"Bills and notes and instruments of a like character do not as a rule purport to express the entire contract or agreement between the parties thereto, and hence parol evidence is admissible to show collateral agreements between such parties, *provided such agreements are not inconsistent with and do not tend to vary or contradict the terms of the written instrument.*" (Italics ours.) Among our cases holding such proof inadmissible are *Fields* v. *Stunston,* 1 Cold., 40; *Campbell* v. *Upshaw,* 7 Humph., 185, 46 Am. Dec., 75; *Ellis* v. *Hamilton,* 4 Sneed, 512; *Ragsdale* v. *Gossett,* 2 Lea, 736; *Bender* v. *Montgomery,* 8 Lea, 586. Sustaining the specific holding that proof that a note purporting to be payable in money was contemporaneously with its execution agreed to be paid in work is inadmissible, 22 C. J., 1094 cites from other jurisdictions *Borden* v. *Peay,* 20 Ark., 293; *Goodrich* v. *Stanley,* 23 Conn., 79; *Stein* v. *Fogarty,* 4 Idaho, 702, 43 P., 681; *Bradley* v. *Anderson,* 5 Vt., 152.

■ If this suit should be treated as one to enjoin collection of the debt pending prosecution by complainant of a claim for breach of an alleged contract to give him employment, the injunction should be denied because no justification by way of irreparable damage is shown, there being no charge of insolvency of defendant, and there is no satisfactory showing of reasonable grounds for a substantial recovery of damages, and because, on the other hand, complainant seeks an injunction on the pauper's oath, which leaves defendant without remedy.

Other questions are raised by the demurrer, but we think it unnecessary to go further. The decree of the chancellor is affirmed.