Strain *v*. Roddy.

(*Nashville,* December Term, 1936.)

Opinion filed February 15, 1937.

WHITAKER & WHITAKER, of Chattanooga, and MITCH-ELL & MITCHELL, of Dalton, Ga., for plaintiff in error.

WILLIAMS & WILLIAMS, SAM J. MCALLESTER, and CLARENCE KOLWYCK, all of Chattanooga, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This is a suit for personal injuries resulting in a verdict in favor of Roddy and against Strain for $2,500.

The Court of Appeals dismissed the appeal because the appeal bond was not filed within the time allowed by law. All of the orders and proceedings herein were had at the May, 1935, term, which expired on August 31, 1935. On July 12, 1935, Strain's motion for a new trial was overruled. He prayed and was granted an appeal and given 30 days within which to file his appeal bond and a bill of exceptions.

On July 29, 1935, the time for filing the appeal bond and the bill of exceptions was extended 30 days from that date, or until August 28, 1935. The bond and the bill of exceptions were filed on August 30, 1935, which was 2 days too late for filing the appeal bond.

Counsel for Strain filed a petition for a rehearing in the Court of Appeals. Before it was acted upon, counsel made a motion to supply an order made by the trial court on August 24, 1935, extending the time for filing said bond and the bill of exceptions to August 31, 1935. This order had been omitted from the minutes of the

court, but was entered *nunc pro tunc* on August 19, 1936. An authenticated copy of said order was filed in the Court of Appeals on August 22, 1936, several weeks before it disposed of the petition to rehear. The Court of Appeals did not pass upon the motion to correct the record, being of the opinion that, if allowed, it would not aid Strain.

Section 9047 of the Code is as follows:

"When an appeal or appeal in the nature of a writ of error is prayed from a judgment or decree of an inferior court to the court of appeals or supreme court, the appeal shall be payed and appeal bond shall be executed or the pauper oath taken within' thirty days from the judgment or decree, if the court holds so long, otherwise before the adjournment of the court, but for satisfactory reasons shown by affidavit or otherwise, and upon application made within the thirty days, the court may extend the time to give bond or take the oath in term or after adjournment of the court; but in no case more than thirty days additional."

In *England* v. *Young,* 155 Tenn., 506, 511, 296 S. W., 14, 16, in construing this statute, the court said:

"The language of Acts 1885, c. 65, is mandatory, and cannot be given any meaning other than the language plainly expresses."

The wording is quite clear, and provides that, where the court continues in session so long, the appellant has 30 days as a matter of right within which to file his appeal bond. It then provides that any time within the 30-day period the court, for satisfactory reasons shown, may extend the time to give bond, but in no case more than 30 days additional. But the extension must be granted within 30 days from the entry of the

judgment. So that the order of July 29, extending the time 30 days to August 28, was strictly within the authority conferred by the statute. The judgment having been entered on July 12, the 30-day period expired on August 11. It follows that the order of August 24, extending the time to August 31, was not within the 30-day period, and hence the bond was filed 2 days too late.

The conclusions announced herein do not conflict with the decision in *Physicians Mut. Health & Acc. Ins. Co.* v. *Grigsby,* 165 Tenn., 151, 53 S. W. (2d), 381, in which it was held that the 30-day extension to file an appeal bond may be granted at the time the appeal is prayed. In other words, that the court may grant an appeal and at the same time allow 60 days within which to file an appeal bond. Necessarily such extension is granted within the origial 30-day period.

■ The statute considered herein does not apply to bills of exceptions. *Patterson* v. *Patterson,* 89 Tenn., 151, 14 S. W., 485; *Beiler* v. *State,* 158 Tenn., 404, 14 S. W. (2d), 51.

There is no error in the judgment of the Court of Appeals, and the writ will be denied.