# ALLISON v. ALLISON et al.—193 S. W. (2d) 476.

Middle Section.  October 27, 1945.

Petition for Certiorari denied by Supreme Court, March 2, 1946.

Lewis S. Pope and Whitworth Stokes, both of Nashville, for appellant.

Roberts & Roberts, of Nashville, for appellee.

FELTS, J.  This is a partition suit in which a tract of about 180 acres of land has been divided in kind among the parties, complainant T. J. Allison and defendants, his brother and six sisters. He claimed, as appurtenant to the land allotted to him, an easement of way over the land allotted to his sister, Mrs. Eva Lee Archey.

After an oral hearing according to the forms of chancery, the chancellor found that the way over her land was not reasonably necessary to the enjoyment of his land, and entered a decree denying his claim to the easement and enjoining him from further using it.  He appealed and has assigned errors.

She has moved to strike the bill of exceptions because not filed in time. The decree appealed from was entered June 12, 1944. It allowed 30 days for filing a bill of exceptions and perfecting the appeal by giving bond or taking the oath. On June 19 the decree was modified so as to require a bond. On June 30 the time for filing a bill of exceptions was extended 30 days additional from July 10, and on August 9 the time was further extended to August 15, 1944. He filed his appeal bond July 5 and his bill of exceptions August 14, 1944.

■ All these decrees were entered during the term. It was within the chancellor's power to allow a bill of exceptions at any time during the term, and the bill of exceptions was filed within the time extended and within the term. This was within time. Beiler v. State, 158 Tenn. 404, 14 S. W. (2d) 51; Bankers' Finance Corp. v. Locke & Massey Motor Co., 170 Tenn. 28, 91 S. W. (2d) 297; Strain v. Roddy, 171 Tenn. 181, 101 S. W. (2d) 475; Buchannon v. State, 177 Tenn. 140, 149, 146 S. W. (2d) 952, 956; Rundle v. Capitol Chevrolet, Inc., 23 Tenn. App. 151, 154, 129 S. W. (2d) 217, 219; Mitchell v. Porter, 26 Tenn. App. 498, 173 S. W. (2d) 443.

■ ■ Nor did the perfecting of the appeal on July 5 deprive the chancellor of the power thereafter to allow the bill of exceptions at any time during the term. Code section 9047, fixing the time for appealing, does not apply to bills of exceptions, they are controlled by Code section 8820, which empowered the chancellor to allow a bill of exceptions at any time during the term or to grant not exceeding 60 days after the adjournment of the term for filing a bill of exceptions. Beiler v. State, supra; Strain v. Roddy, supra; compare McCanless v. State ex rel. Hamm, 181 Tenn. 308, 181 S. W. (2d) 154, 153 A. L. R. 832. For these reasons appellee's motion is denied.

The material facts are these. Before the partition appellant, his brother, and his six sisters each owned a one-eighth undivided interest in the 180 acre tract, which had been devised by their grandfather to their father for life with remainder to them, and the father had died in July 1940. About 20 years before his death there had been built on this land a house located back some 400 or 500 feet from the Harding Road, which runs in a north and south direction along the east edge of the tract of land. For some ten years after the building of this house its occupants used a roadway back to the north around the father's residence and out to the road. But during the latter years of his life and until the partition, covering a period of some ten or twelve years, occupants of this house had been using the roadway in dispute to go to and from the Harding Road.

The partition was by agreement, which did not refer to this roadway. Under the direction of the court, the land was surveyed by Z. J. Wilkinson who made a plat of the whole showing the part allotted to each of the parties. The original of this plat has been sent up with the transcript. Appellant's share was a tract of about 85 acres, which included the house above mentioned. Immediately east of his tract was the part allotted to Mrs. Archey, a tract of a little over 7 acres. The roadway in issue runs from his house eastwardly through the center of her tract to the Harding Road. At the southeast corner of her tract the Harding Road is intersected by Highway 100, which runs in a general southwesterly direction. Her tract fronts on the Harding Road and also on Highway 100.

West of her tract Highway 100 runs along the south margin of his tract for a distance of some 1,200 or 1,300 feet. On his tract there is another house near Highway 100. A road has been built from this highway to

this house, which house is located south of and about 800 feet from his other house.

The chancellor found that for a comparatively small expenditure appellant could make a road from his northernmost house south to his other house and Highway 100, a distance of some 800 feet, which road would be as good and convenient as the roadway over Mrs. Archey's land. While there is some conflict in the evidence, we think it preponderates in favor of the chancellor's finding, and we concur in that finding.

█ Appellant, however, insists that since this roadway existed and was in use as an apparent easement of way over the land set apart to her for the benefit of that allotted to him, it passed by the partition as an appurtenance to his land; and he relies on Powell v. Riley, 83 Tenn. 153, which applied the general rule that upon the severance (by grant or partition) of a heritage "all those continuous and apparent easements which have in fact been used by the owner during the unity of ownership and possession though they have no legal existence as proper technical easements," will pass by implication as appurtenances to the part of the land for the benefit of which they have been used.

In that case, however, the ditch, which had been dug and kept open by the father, was necessary to carry the water from the upper part of the land, which was allotted to complainant, as well as from the lower part, which was allotted to defendant; and it was on account of this necessity that complainant was held to have the right to have the ditch kept open and unobstructed.

That case cited and followed Brown v. Berry, 46 Tenn. 98, which held that an easement of way over one part of a tract of land for the benefit of another part of it passed as an incident to the grant of the latter, where such way

was reasonably necessary as a means of ingress and egress and had been in continuous use. For such an easement of way to arise it was said that ''the way must be apparent, and the use continuous, and the way necessary, though not strictly so, to the enjoyment of the estate granted.'' 46 Tenn. at page 107.

This rule was applied in Rightsell v. Hale, 90 Tenn. 556, 561, 18 S. W. 245, 246. After quoting this rule the court said (90 Tenn. at page 561, 18 S. W. at page 246):

''The owners of the united estates had for more than 20 years so used the parcel owned by defendant as to have fastened upon it an easement of way, if it had belonged to a different person. The way was reasonably necessary to the enjoyment of the reserved portion. While it was possible to make another way out, yet to make such other way at all convenient would involve an expenditure altogether disproportionate to the value of the estate to be benefited.''

But in the case before us it would not involve an unreasonable or disproportionate expenditure for appellant to open a way from his residence over his land to Highway 100. As between that way and the one in dispute there would be, as the chancellor said, little difference in the matter of convenience or expense to appellant.

Putting to one side easements expressly granted and easements by adverse user for the prescriptive period, 20 years or more, and looking alone to easements by implication upon severance, it will be seen they must have these three essentials:

''First, unity and a separation of the title; second, that before the separation takes place, the use which gives rise to the easement shall have been so long continued and so obvious as to show that it was meant to be permanent; and third, that the easement shall be [reasonably] neces-

sary to the beneficial enjoyment of the land granted or retained." Rollo v. Nelson, 34 Utah 116, 96 P. 263, 26 L. R. A., N. S. 315, 324.

Not the least of these is that the easement must be reasonably necessary to the beneficial enjoyment of the dominant estate. This idea is emphasized in later cases in this State. LaRue v. Greene County Bank, 179 Tenn. 394, 166 S. W. (2d) 1044; Bowles v. Chapman, 180 Tenn. 321, 175 S. W. (2d) 313; Harris v. Gray, 28 Tenn App. 231, 188 S. W. (2d) 933.

This quality of reasonable necessity being absent in the case before us, we think the claimed easement did not arise. The chancellor's decree is affirmed. The costs of the appeal are adjudged against appellant and the surety on his appeal bond. It appearing there are other matters in this cause yet to be disposed of, it is remanded to the chancery court for further proceedings not inconsistent with this opinion.

Howell and Hickerson, JJ., concur.