## SANDERS v. TOMLIN.—198 S. W. (2d) 817.

Middle Section.  October 26, 1946.

Petition for Certiorari denied by Supreme Court, January 11, 1947.

Louis Ferguson, of Nashville, for plaintiff in error.

Jacobs H. Doyle, of Nashville, for defendant in error.

HOWELL, J. This case originated in the General Sessions Court of Davidson County upon a civil warrant as follows:
"State of Tennessee, County of Davidson to any Lawful Officer to Execute and Return

Summon B. E. Tomlin c/o C. E. Qualls, 201 Scott Ave., to appear before the Court of General Sessions of Davidson County, Tennessee, to be held at the Courtrooms of said Court in said County on the 23 day of November, 1945, at 10:00 A. M., then and there to answer in a civil action brought by R. R. Sanders for money had and received $409.07, under $500 ......Dollars.

This 13th day of Nov., 1945

Hugh Freeman
Clerk of Court of General Sessions
By W. L. Pullen,
Cost Pd $2.50                           Deputy Clerk"

A judgment for the plaintiff was rendered in the General Sessions Court and the case appealed to the Circuit Court where it was tried by the Circuit Judge without a jury and the suit dismissed at the cost of the plaintiff.

The plaintiff has appealed in error to this Court and has assigned as error the action of the Court in holding

that there was no evidence upon which a judgment for the plaintiff could be based and in holding that the plaintiff could not recover because the articles sold were for the purpose of using them in gambling.

The suit is for an indebtedness alleged to be due on account of the purchasing by the defendant from the complainant of punch-boards, knives and fountain pen sets amounting to $409.07 which the defendant had bought and not paid for. The only witness introduced by either party was the bookkeeper of the plaintiff who testified that the merchandise in question had been sold outright by the plaintiff to the defendant and that the account was due and unpaid. On cross-examination this witness testified that the punchboards sold could be used as gambling devices and that the knives and fountain pen sets were used in connection with the punchboard.

The record does not disclose upon what grounds the trial court dismissed the case, but in acting on the motion for a new trial the Court said:

"I'll have to overrule your motion for a new trial, and further on the ground that this case is against Public Policy."

█ It is insisted for the defendant in error that the warrant being an action "for money had and received $409.07," the plaintiff cannot maintain a suit on account for merchandise, and that therefore there was no evidence upon which a judgment could be based. Thus the sufficiency of the warrant is questioned.

Sections 8647, 8648 and 8649 of the Code of Tennessee are as follows:

8647—"Form of summons.—The summons from a court of record may be in substance as follows:

'State of Tennessee, —— County, To the sheriff of —— county:

You are hereby commanded to summon A B to appear at the next term of the —— Court, to be held for said county at the courthouse thereof on the — day of ——, then and there to answer C D in an action to his damage —— dollars.

Witness my hand, this — day of ——.
E F, Clerk.' ''

8648—''Cause of action.—The cause of action in the summons may be stated briefly in general terms.''

8649—''Justice's summons.—The summons from a justice's court shall be substantially the same, but requiring the defendant to appear before any justice of the county on a day fixed, or generally. If no time or place be designated, the officer serving the process shall notify the defendant of the time and place, and make his return accordingly.''

Section 8707 of the Code of Tennessee is as follows:

''No abatement for defects.—No summons, writ, pleading, process, return, or other proceeding in any civil action in any court, shall be abated or quashed for any defect, omission, or imperfection.''

The service of the summons in this case was a reasonable notice to the defendant that he was called upon to defend himself in an action for $409.07. No objection was made to the form of the warrant in the trial court:

The law is that the warrant must contain a general and brief statement of the plaintiff's cause of action sufficient to give the defendant reasonable notice of the nature and character of the demand that he is called upon to answer. See Memphis St. Railroad v. Flood, 122 Tenn. 56, 113 S. W. 384. Also see Rundle v. Capitol Chevrolet, Inc., 23 Tenn. App. 151-158, 129 S. W. (2d) 217.

In the case of Interstate Life & Accident Co. v. Cook, 19 Tenn. App. 290, on page 297, 86 S. W. (2d) 887, 891, the court said:

"The action for money had and received is based upon an implied assumpsit. It is an action at law, and properly cognizable in a court of law, and 'is maintainable in all cases where one person has received money or its equivalent under such circumstances that in equity and good conscience he ought not to retain it and ex aequo et bono it belongs to another.' 2 R. C. L., page 778, par. 34, and page 745, par. 5."

██ It is also insisted for the defendant that the articles purchased by him "were for the purpose of using them in gambling," and he relies upon the case of Cochran v. McGuire, reported in 6 Tenn. Civ. App. (Higgins) 602.

In that case it was held that a seller of saloon fixtures who made the trade for the specific purpose of enabling the buyer to carry on an illegal liquor business could not recover the purchase price, especially where one of the stipulations of the bargain was that the purchaser was to become a customer of the seller with respect to his illegal liquid goods.

There are many reported cases dealing with the enforcement of gambling contracts and there is a Statute Section 5250 of the Code which provides that no person shall have in his possession any gambling table or any devise whatever for the enticement of any person to gamble, and Section 5252 provides for the destruction of such tables or devices.

There is no evidence in this record that the plaintiff participated in any way in any gambling transaction, the only proof being that such articles as he sold defendant could be used as gambling devices.

In the case of Tedder v. Odom, 49 Tenn. 68, 5 Am. Rep. 25, the Court held that knowledge of a purpose to put property to an illegal use, without more, does not affect the seller with the illegality, so as to bar his right of recovery of the price.

See also the case of Puryear v. McGavock, 56 Tenn. 461, in which the Supreme Court held that knowledge of the illegal purpose of a contract without participation or interest in the illegal act itself, will not affect the validity of the contract.

We are not referred to and we have not found any law prohibiting the manufacture and sale of any article because it might be used in gambling and it does not appear that the manufacture and sale of such articles is against the public policy of the State. The articles sold may have been used for a legitimate purpose or they may have been used in gambling. The defendant bought these articles in an outright sale and has not returned them or paid for them and he cannot escape liability by saying now that such articles may have been used in an illegal transaction.

The assignments of error are sustained and the judgment of the Circuit Court reversed. A judgment will be entered here in favor of the plaintiff and against the defendant for $409.07 and interest from November 13, 1945, and all the costs.

Reversed and judgment rendered.

Felts and Hickerson, JJ., concur.