IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 11, 3003 Session

MARGARET WIGHTMAN v. TRUMAN D. CLOUSE and wife, BETTY
SUE CLOUSE, and DOUGLAS CLOUSE

Direct Appeal from the Chancery Court for Cumberland County
No. 7967    Hon. Vernon Neal, Judge

FILED MARCH 20, 2003

No. E2002-00318-COA-R3-CV

The Trial Court held plaintiff was entitled to use roadway across defendants' land. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the Opinion of the Court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Henry D. Fincher, Cookeville, Tennessee, for Appellants.

Proctor Upchurch, Crossville, Tennessee, for Appellee.

OPINION

In this action filed by Margaret Wightman and Theodore and Jane Jennings, seeking to prohibit the defendants, Truman, Betty Sue, and Douglas Clouse, from interfering with the plaintiff's use of certain roads/driveways that cross a portion of defendants' land, the Trial Court, following trial, made findings of fact and found there was no proof to establish a prescriptive easement, but found dedication of the roadway to public use, and an easement by implication. The Court also held that the roadway was the only means of ingress and egress for both properties and that both had a right to use it. The Court then dismissed defendants' counter-claim for damages for removal of a gate they had placed across the roadway.

On appeal, defendants raised numerous issues, including that the Court erred in finding a dedication of the roadway to public use, the finding an implied easement, and the finding of an easement by necessity, as well as other issues.

Upon our review of the evidence, we conclude the dispositive issue is whether the Trial Court correctly found an easement by implication.

In 1978 the property now owned by the parties had been owned in a common tract by Clara Lewis, and in 1978 she deeded a part of the property to Margaret Walter, another part to Anna Mae Clark, and the other part to Larry Alan Lewis. The Clouses derived title of their property by deed from Crystal Brown Lewis, which was derived from Larry Alan Lewis's tract.

The Trial Court found that the properties all came from a common grantor and the roadway existed at the time the title was severed. The evidence does not preponderate against this finding. Tenn. R. App. P. 13(d).

An implied easement requires three elements: 1) unity and a separation of the title, 2) that before the separation takes place, the use which gives rise to the easement has to be continuous and obvious for a sufficient period of time such as to show it to be permanent, and 3) the easement should be reasonably necessary to the beneficial enjoyment of the land granted or retained. *The Pointe, LLC v. Lake Management Ass'n, Inc.,* 50 S.W.3d 471 (Tenn. Ct. App. 2000); *Johnson v. Headrick*, 237 S.W.2d 567 (Tenn. Ct. App. 1948); *Allison v. Allison*, 193 S.W.2d 476 (Tenn. Ct. App. 1945). As this Court observed many years ago, "It is a well settled rule that where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary for the fair enjoyment of the other part of the estate, then upon a severance of ownership, a grant of the right to continue such use arises by implication of law." *Johnson*, at 569-570.

The evidence establishes that the tracts of property owned by Wightman and Clouse were once a single tract owned by Clara Lewis, and that in 1978, she deeded her property in three separate tracts to her children. At the time the title was severed, the road was already in existence, as the proof was that it had been in use for about 60 years at the time of trial. Ms. Wightman testified that the house on her tract was there in 1978, and was being served by the road at that time. Thus, the proof establishes that there was unity of title in Ms. Lewis, and that when Ms. Lewis first severed the title by deeding the property now owned by the Clouses to her son, the road was already in existence and had been for many years. The proof also showed that the use was continuous and obvious, and necessary for the use of both tracts. The evidence, therefore, supports the Trial Court's ruling that an implied easement existed.

The Clouse's argue that the criteria for the implied easement have not been met, because the servient estate was deeded to Larry Lewis before the dominant tract (which the Clouses refer to as Wightman II) was created. This argument ignores the fact that when the servient estate was deeded (which is the property the Clouses now own) the entire property which remained with

Ms. Lewis was dominant and the road was used for ingress and egress. The fact that this property was later split into two tracts does not change the fact that the use of the road existed for many years prior to the severance of the title.

The Clouses next argue that the Trial Court erred in dismissing their counter-claim for trespass and the negligence for taking down the gate and fence. Mr. Wightman admitted he took the gate and fence down, which obstructed the driveway, and placed the same on the Clouse's property. He denied damaging the gate in any way, and the Clouses admitted that the fence material and gate were left on their property, but they claim it later disappeared. There was no proof that Wightman had anything to do with the disappearance of these items, and the Clouses admitted they did not retrieve them. Based upon our holding, there was no trespass, the evidence failed to establish any damage which would be the responsibility of plaintiffs.

The Clouses argue the Trial Court erred in refusing to allow them to put up gates so that they could run cattle on their land. We note that in the Clouse's Counter-Complaint this relief was not requested, and when it was raised at the time of final argument the Trial Court held that this issue was not before the Court.

We do not find a basis from this record to grant such relief.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Truman D. Clouse, Betty Sue Clouse and Douglas Clouse.

_____
HERSCHEL PICKENS FRANKS, J.