DR. A. G. KYLE, v. MRS. FRANK GOULETTE et al.

Eastern Section. January 7, 1928.

Petition for Certiorari denied by Supreme Court, March 31, 1928.

S. E. Hodges and Judge John Jennings, of Knoxville, for plain-tiff in error.

J. W. Saylor and M. E. Hartman, of Knoxville, for defendant in error.

SNODGRASS, J.  This is a contest over the will of Mrs. Bertha E. Scherf, deceased. The will was made in favor of Dr. A. G. Kyle, of Knoxville, Tennessee. It was contested on the grounds of mental incapacity on the part of the testatrix, and of undue influence exerted by the beneficiary. The contestants are Mrs. Frank Goulette, Gus, Nicholas and Bertha Eifler, nieces and nephews of the testatrix, who are her next of kin.

The proceedings were transferred from the county court to the circuit court for this contest, where the will was propounded by Dr. Kyle, executor and sole beneficiary, as the last will of the testatrix, the contestants denying that it was.

A trial of the case was entered upon on the 18th of October, 1926, it being the September term, 1926, of said court. It was taken up before His Honor, the Circuit Judge, without the intervention of a jury, and the evidence concluded, as appears from the statement of the judge and brief of counsel, on the 19th of October, 1926. At any rate it appears that the evidence was concluded sometime before the 3rd day of November, 1926, when a transcript of the evidence was furnished the court to enable him to comply with a request for a written finding of fact, which was made during the progress of the trial. Due to the delay in receiving the transcript, and the delay of other numerous business, although the September term, 1926, of the court continued until January 1, 1927, the case was not otherwise disposed of, except as its status may have been affected by the following order, which closed the September, 1926 term of the court, and which order was entered on January 1, 1927, and is as follows:

"In re Pending Cases and Motions:

"By order of the court all pending cases now at issue, and all motions not acted upon are continued until the next term. Thereupon court adjourned until court in course, to-wit, January 3, 1927. A. C. Grimm, Judge."

The first and further thing appearing on the minutes of the court in regard to this case is at the January term, 1927, when the court on the 8th day of April, 1927 made and filed a written finding of facts in pursuance of what had occurred at the September term, 1926, and which alone formed the basis or authority for such disposition of the case.

Thereupon proponent Kyle, who will hereafter be styled the plaintiff, entered a motion asking the court to disregard and for nothing hold the court's written finding of facts filed in the case on April 8, 1927, and to disregard the proceedings theretofore had in the case at the previous term of court, to-wit, the September term, 1926, and to reinstate the case upon the docket of the court for trial, for the reasons—

"(1) Because the case was tried by the Honorable Court on October 18 and 19, 1926, during the September, 1926 term of this court, which adjourned, according to the minutes of the court, on January 1, 1927, and on account of which the court's power to determine said case upon the evidence heard upon the trial thereof, to-wit, October 18 and 19, 1926, terminated and

ceased with the adjournment of said September term of this Honorable Court on Saturday, January 1, 1927.

"(2) Because the finding of facts made by this Honorable Court on April 8, 1927, and filed on April 8, 1927, were made by this Honorable Court at and during the January term of this Honorable Court, a term subsequent to the term at which the case was tried by this Honorable Court."

"(3) Because if this Honorable Court should enter judgment upon his aforesaid finding of facts, which are adverse to the proponent and plaintiff, Dr. A. G. Kyle, the plaintiff the proponent's right to preserve the evidence heard at said September term of this Honorable Court will have been cut off and destroyed, thereby depriving the proponent and plaintiff of the right to have the findings and judgment of this Honorable Court reviewed on appeal by the appellate courts of the State."

"(4) Because the order entered on January 1, 1927 by the Honorable Court is not sufficient under the statutes of this State in such cases made and provided to clothe this Honorable Court with power to determine this case at a term subsequent to the term at which it was actually heard and tried."

Said motion coming on to be heard on the 12th of April, 1927, was overruled by the court and disallowed as to each and every ground assigned therein, to which action of the court exception was taken and preserved. The order overruling the motion continued as follows:

"Upon the hearing of said motion the following occurred.

"The Court: Are you willing, if the court granted your motion, for the trial court, sitting without the intervention of a jury, to take the record, including the transcript of the evidence, furnished to the court by the proponent, and determine and decide this case?

"Judge Jennings: Personally that would be satisfactory to me. However we would not be willing to make an agreement to that effect without the consent of Dr. A. G. Kyle.

"The Court: The reasonable and natural inference is that the suggestion does not meet the approval of proponent.

"Mr. Hartman: We agree that the record in this case shall be made up as though the entire case was heard and disposed of on April 8, 1927.

"Judge Jennings: You are very obliging.

"The Court: This case was heard October 18 and 19, 1926, by the court, without the intervention of a jury, by consent of all parties. When the hearing was drawing to a close the proponent requested a written finding of facts. The record in

the case, including the depositions read, and a transcript of the evidence and proceedings was delivered to the trial judge, by the attorneys for the proponent on November 3, 1926, for said purpose. Between November 3, 1926 and April 8, 1927 upwards of five hundred cases were disposed of in this court, more than two.hundred of that number being jury cases.

"From and including the first Monday in January, 1927, to and including April 8, 1927, no request, no application, no motion was made by either side to this proceedings. Upon concluding the hearing of the jury docket, in April, 1927, the trial judge reread the pleadings, the depositions and the transcript of the evidence and prepared and filed a written finding of facts,—then came this motion.

"Having thus submitted the record, including said transcript of the evidence and proceedings for the guidance of the trial court, for the purpose and under the circumstances thus indicated the proponent will not be heard to say that it is incomplete or incorrect.

"Having thus stood mute, said nothing, remained silent until the court found the opportunity to comply with proponent's request, the proponent will not now be heard to complain touching that matter.

"Having tested and tried this case upon its merits, before the trial judge, sitting without the intervention of a jury, by consent of all parties, and having thus acquiesced until the written finding of facts requested by proponent was so prepared and filed, the proponent will not now be permitted to retest, and re-try this case before a jury. Technicalities are a shield, a refuge, a sheltering rock, and not swords or spears. When the reason for a rule is nonexistent, the rule does not apply.

"For the purpose of protecting and safeguarding the rights, interests and remedies, if any, of the proponent and the contestants, respectively, this cause will be treated, for all purposes as having been heard, tried, or reheard, relied on April 8, 1927.

"The proponent's motion filed April 12, 1927, is overruled.

"A judgment will be entered in harmony with the court's written finding of facts, and the matters herein set forth without further delay; the proponent will pay all the costs of this cause, and proceedings for which execution is awarded."

Thereupon plaintiff, without waiving his motion so filed and acted upon, but relying upon the said motion in all respects, made application before final judgment was entered for additional findings, as set out in the application found on page 37 to and partly in-

cluding page 44 of the record, which application, reserving judgment, the court took under advisement, and on the 29th day of April, 1927, disposed of the same in the following order:

"The request heretofore made in this case by the proponent, Dr. A. G. Kyle, and the motion by the contestants, having been considered by the court, the court in response thereto and upon its own motion also files in the cause its further and additional findings of fact which are supplemental to the written findings of fact heretofore filed by the court on April 8, 1927— said supplemental findings having been filed on April 27, 1927, which respective findings of fact will be treated as a part hereof and as a part of the record;—it is therefore adjudgèd by the court that the paper writing propounded and in the issues of this case as the alleged will and testament of said Bertha Scherf, deceased,—is not the last will and testament of said Bertha Scherf, deceased.—The court in its discretion adjudges the cost of this cause and proceedings against Dr. A. G. Kyle as principal and E. A. Guynes, as surety.

"It is therefore adjudged by the court that the contestants have and recover of Dr. A. G. Kyle, as principal and E. A. Guynes as surety on said cost bond, the costs of this cause, for which execution will issue.

"Whereupon John Jennings, Esq. and S. E. Hodges, Esq., move the court to allow them reasonable· compensation for services rendered by them, and each of them in the proponent in his effort to establish the alleged will,—to be paid out of the assets of the estate of Bertha Scherf, deceased, which motion the court overruled and disallowed, to which action of the court said John Jennings and S. E. Hodges, respectively excepted.

Thereupon the plaintiff made a motion for a new trial, and upon same being overruled by the court appealed to this court and has assigned errors.

If the plaintiff is entitled to have a new trial upon this state of the record upon the assignment of error as to the court's action in overruling his motion to have the case reinstated, with a trial at the January term, 1927, then the case will have to be reversed for this reason, and in that event it will not be necessary to examine the remaining assignments touching the merits of the case.

The first assignment relates to ·the court's action in overruling plaintiff's motion that he disregard the former proceedings and reinstate the case upon the docket for trial, and is in terms, in reasons assigned for error, as heretofore set out in the motion, except it is added that "the trial court should have held all proceedings subsequent to the close of the September term, 1926 of the circuit

court of Knox county were null and void, because beyond the jurisdiction and power of the court, and he should have treated the case as never having been tried, and should have reinstated the case upon the docket for trial at the January, 1927 term of court.''

As the bill of exceptions leaves no doubt as to what was done, it is only necessary to inquire whether or not under the statutes there was any authority to consummate at and in the January term of the court what was begun in the September term, culminating in the final disposition of the case without a trial de novo at the said January term.

We are aware that upon the refusal of the plaintiff to consent to have the case retried as upon the evidence given at the former trial being re-read from the transcript, or the case disposed of as if such had been done, in overruling the motion to reinstate and retry as of original instance, the court attempted to mitigate the effect of his refusal, or to cure any infirmity of the record that might appear by his action, as hereinbefore indicated, by saying:

''For the purpose of protecting and safeguarding the rights, interests and remedies, if any, of the proponents and contestants, respectively, this cause will be treated for all purposes as having been heard, tried or reheard, retried on April 8, 1927.''

The thing, however, that renders this attempt abortive is, that even to have the case upon the transcript of the record of the evidence at the previous term, would have required the consent of both plaintiff and contestants. While contestants expressed their willingness in the first instance that this might be done, such consent was refused upon the part of the plaintiff, and exception was taken to the action of the court in doing it by construction without consent, and the same is made the basis of one of the grounds for a new trial.

While we think consent was not essential to a trial of the case in the ordinary way, consent was necessary to try it upon the transcript of the evidence given at the previous term, or indeed at any term. Plaintiff could not be compelled to any agreement to try the case upon evidence not competent to be considered without such agreement, and therefore could not be deprived of his right to a trial upon evidence newly introduced. Nor does it matter that such a trial may or may not have put him in better position, if he had not waived his right to object to a consideration of such evidence. We are of opinion that under the operation of the law, which rendered abortive all that had taken place during the September term, the case had already been thus and effectually restored to the docket for proceedings de novo. Had it been taken up for trial in the regular way, it would have been competent to have agreed that the case be retried upon the transcript of the record

made up at the previous term, but it would have required consent to have made such proof competent. When made competent it would have been necessary to have actually introduced and read such record to get it into the record as proof in the case. Here again such formality by agreement could have been waived, and the court, having already read the evidence, the agreement might have been extended to permitting the court, in order to save time, to pass at once upon such evidence and enter his decree. Such agreement was not made, however, and the court, we think, could not dispense with such agreement and deprive the plaintiff of his right to a formal trial upon competent evidence to be reintroduced, by simply reciting in the order overruling the application that to preserve the situation the order was entered just as if there had been such retrial. In fact there had been no such retrial with the consent of the plaintiff, and the bill of exceptions shows there had been none. Therefore there is no competent evidence in the record to sustain the action of the court, however he may have decided it.

Appellant cites Chapter 157 of the Acts of 1919, with its amendment, Chapter 72 of the Acts of 1921, as enabling the preservation of the evidence and curing the situation; but this act has no application to the situation, because no decision of the case or motion for a new trial was made at the September term. Such a motion is not required until the case is determined. An order was not required to preserve any right to a bill of exceptions, but the question is, as to what may appear by a bill of exceptions. It is not a question, as contestants seem to think, of whether or not plaintiff had any other, further or additional evidence that he might have introduced, and of its so appearing, but a question of his right to have a retrial upon evidence of a competent nature duly introduced, and without being compelled to have his case determined upon evidence used on a previous trial, which under the operation of law had become functus and incompetent. Neither do we think under the circumstances that plaintiff was in any way estopped to have insisted upon such right, if as a matter of fact the Circuit Judge had lost the right to pass upon the case in the way he had dealt with the minutes. If plaintiff's action had been such in his acquiescence as to the arrangement for furnishing the transcript as to render it impossible to make such finding of fact, we think the judgment could have been entered without it, but there was time after it was furnished to have entered it, and the law did not authorize the court to carry it over.

Section 6087a1 of Shannon's Code provides that

"Where any judge of any circuit court of this State tries a case without the intervention of a jury, and whether he is required to reduce his finding of facts to writing or not, he

shall be required to render his decision and have judgment entered in the case at the term of court at which the case is tried; provided all the testimony or evidence in the case is heard as much as four days previous to the termination of said term of court.''

Notwithstanding this September term of the court might have been extended or continued into January, so as to encroach upon the term succeeding in January, as a matter of fact it was not done. On the contrary it is shown by the bill of exceptions that the evidence had been concluded previous to November 3, 1926, and that said term was adjourned on January 1, 1927, without any disposition of the case having been made in that term. The court therefore did not have any right to carry this case over, and it does not appear from the bill of exceptions or otherwise that there was any agreement that he should do so; nor do the circumstances present any situation that would have authorized the case being carried over under any other statute that has been called to our attention.

The court cites the stress of business that occupied his attention as excusing his failure to dispose of the case at the September term, but we think that, instead of excusing the failure to enter the judgment, it presented the question to him as to whether or not he should postpone the taking up of further business of said September term after the furnishing of the transcript, or run the risk of having his work in the case rendered useless by failing to enter his judgment. We do not think it was the business of either litigant to again bring the matter to his attention. They had the right to rely upon the expectation that he would decide the case before adjourning the court, without running the risk of being thought impertinent by seeming to interfere with his discretion in the matter. Neither one of the litigants we think could be estopped, because they, too, took the risk of having to try the case over again. Nor do we think, after the right of the court to make a finding and decree thereon had ceased or determined, that plaintiff could be estopped because he did not again bring the matter to the attention of the court at the January term before he made a written finding. The court having lost jurisdiction to do so from the previous authority the matter had terminated and, as we think, stood for trial in the ordinary way. Litigants were not required to anticipate that the court would at that late date make a finding that was unauthorized. In other words, it would require a new agreement that he should do so. It can make no difference, we think, that Section 6057 of said Code provides that

''In no case after a trial of a cause is commenced shall a judge adjourn the court until the cause is tried, except in cases

where the jury cannot agree, or, from some other cause a mistrial is ordered.''

This case was commenced, remained undisposed of, and while no mistrial was in terms ordered, the court was on January 1st adjourned until court in course, and whether the order in its terms had the effect of restoring the case to the docket and continuing it until the next term, or whether the same result was realized by the adjournment of the court without its disposition, certain it is that there was no continuation of the September term into the January term, even if there had existed any situation in regard to the case that would have authorized such an extension of the September term under Section 6057a1 of said Code. The adjourning order terminated the September term on January 1st, and this case appears in no way to have been concluded at the September term, when it was taken up. We think the failure to dispose of it did not work a discontinuance. McGuire v. Hay, 6 Humph. 419-420. Nor, under the circumstances, could the minutes incorporate themselves in the shape they are in which the minutes of the January term, so as to authorize the disposition of the case in the manner shown by the bill of exceptions.

As indicated, we think the effect of what was done was to restore to or leave the case upon the docket to be disposed of at the next term in the usual way, unaffected by what had been done previously, and that it was not a case involving the application of any question of estoppel, but one requiring the consent of both parties before it could have been disposed of without a reintroduction of proof and upon the transcript of a record made at a previous term. Nor do we think the application for additional findings, after his motion had been overruled, made without waiving his motion, but relying thereon, can or should have the effect to validate the evidence that had been considered over his protest and exception, because it was expressly stated that said application was made without waiving any exception that had been taken upon the right of the court to pass upon the case under such proof. Said proof, being incompetent, there would be none to consider as establishing the will, or to defeat it. The court could not, of course, dispose of the exception to the consideration of the case upon such evidence by saying that the case was heard as upon a retrial.

We do not think it necessary or proper to pass upon the assignments touching the merits of the case, as it will have to be retried.

The first assignment is sustained, and the cause reversed and remanded for a new trial, at the cost of contestants.

Portrum and Thompson, JJ., concur.