WILL AUSTIN *v.* STATE OF TENNESSEE.*

(*Jackson.*  April. Term, 1928.)

Opinion filed June 30, 1928.

1. APPEAL. MOTION FOR A NEW TRIAL. BILL OF EXCEP-
TIONS. TIME OF FILING. MOTION TO STRIKE.

Under the Act of the Legislature allowing the Trial Judge to
grant not to exceed thirty days in which to prepare and file a
bill of exceptions and the amendment thereto extending the time
to sixty days it was held that the bill of exceptions should be filed
within the prescribed time whether the motion for a new trial was
disposed of at the time at which it was filed and heard.  (Post,
p. 203-204.)

Citing: Acts 1899, ch. 275; Acts 1917, ch. 49; Dunn v. State,. 127
Tenn., 274.

2. APPEAL. MOTION FOR A NEW TRIAL. BILL OF EXCEP-
TIONS. TIME OF FILING. MOTION TO STRIKE.

While, under previous Acts of the Legislature, the Trial Judge
may grant not exceeding sixty days from the trial term in which
to file a bill of exceptions; and under subsequent acts, author-
izing the granting of thirty days after the succeeding or any sub-
sequent term at which a motion for new trial, properly fixed has
been acted upon, the Trial Court is without authority to grant
sixty days from the overruling of the motion for a new trial at
a subsequent term; and a bill of exceptions filed forty-five days
after the overruling of the motion for new trial, even though sixty
days was given in the order, will be stricken on motion.  (Post,
p. 205.)

3. APPEALS. BILL OF EXCEPTIONS. TECHNICAL RECORD.

Where the technical record is regular and the assignments of error
are based on a bill of exception which has been stricken, the
judgment of the Trial Court will be affirmed.  (Post, p. 205.)

*Headnotes 1. Criminal Law, 17 C. J., section 3434; 2. ———; 3.
———.

FROM McNAIRY.

Appeal from the Circuit Court of McNairy County.—
HON. R. B. BAPTIST, Judge.

SHELTON & HARBERT and MILLARD E. LEE, for plaintiff
in error.

W. F. BARRY, JR., Assistant Attorney-General, for de-
fendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the
court.

The plaintiff in error has appealed from a judgment
convicting him of voluntary manslaughter for killing
Clifford Wallace, his maximum punishment being fixed
at five years' imprisonment in the State Penitentiary.

The State has filed a motion in writing to strike the
bill of exceptions, because not filed within the time pre-
scribed by law.

(1) On February 12, 1927, the court heard the motion
of plaintiff in error for a new trial and took same under
advisement.

On September 24, 1927, which was a subsequent term,
the court disallowed said motion, and granted the plain-
tiff in error an appeal and allowed him sixty days within
which to file his bill of exceptions.

The bill of exceptions was filed on November 12, 1927,
which was forty-nine days from the date upon which the
court overruled said motion for a new trial.

By chapter 275 of the Acts of 1899, the trial court was
authorized in his discretion to allow appellants time in

which to prepare and file a bill of exceptions not to exceed thirty days from and after the adjournment of court. This statute was amended by chapter 49 of the Acts of 1917, so as to provide that the time should not exceed sixty days.

Construing said statutes, this court held that the bill of exceptions should be filed within the prescribed time regardless of whether the motion for a new trial was disposed of at the term at which it was filed and heard. *Dunn* v. *State,* 127 Tenn., 274.

(2) Section 1 of chapter 157 of the Acts of 1919 is in this language:

"That whenever a motion for a new trial has been filed in a suit tried in any of the Criminal or Circuit Courts in this State within the time allowed by law and by rule of said Court, and said motion has not been acted upon by said Court at the time of the adjournment of its term, but shall be overruled at the next, or any subsequent term of said court, any party to such suit may, by leave of court, tender, have approved and file a bill of exceptions within thirty days from and after the date of the court's action upon such motion for a new trial."

This latter statute was amended by chapter 72 of the Acts of 1921, by adding the following:

"And no special order of the Court granting leave to file a bill of exceptions shall be necessary, but the certificate of approval of the trial judge upon any bill of exceptions filed within thirty days as aforesaid, shall be sufficient evidence of the leave of the Court to file such bill of exceptions."

From the foregoing it plainly appears that in cases where the motion for a new trial is acted upon at the trial term, the judge may grant sixty days from and

after the date of adjournment of said term within which to file a bill of exceptions.

On the other hand, where a motion for a new trial has been filed within the proper time and is not acted upon until the next term of court, or some subsequent term of court, the trial judge has authority to grant not exceeding thirty days from and after the date of the court's action upon such motion for a new trial.

It thus appears that the trial court was without authority to grant sixty days from the overruling of the motion for a new trial within which to file a bill of exceptions; and said bill of exceptions having been filed forty-nine days after the overruling of the motion for a new trial without authorization of law, it results that the motion to strike will be sustained.

(3) The technical record is regular in all respects, and since the errors assigned are predicated upon the matters set forth in the bill of exceptions, it results that the judgment of the trial court will be affirmed.