I. BEILER *v.* THE STATE.

(*Nashville.* December Term, 1928.)

Opinion filed February 25, 1929.

J. ARTHUR ATCHLEY and HUGH C. SIMPSON, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was convicted of a violation of the Tennessee Tobacco Tax Law and fined and has appealed in error to this court.

We have discussed the facts orally and are of the opinion that the judgment below was not sustained by the evidence and the same must be reversed.

A motion to strike the bill of exceptions was filed by the State but must be overruled.

The motion for new trial was overruled by the court below on April 21, 1928, and by the same order thirty days were allowed for filing a bill of exceptions. The bill of exceptions was not filed within the thirty days prescribed but on May 26, 1928, during the same term of court, an order was made allowing ten days additional time in which to file the bill of exceptions. On May 28, 1928, the bill of exceptions was filed.

The contention of the State is that having restricted the time for filing a bill of exceptions to thirty days in the order of April 21, the court was without power, after the expiration of said thirty days, to further extend the time for filing the bill of exceptions. *Scopes* v. *State,* 152 Tenn., 422, is cited as authority for this proposition. But in *Scopes* v. *State,* the trial term had adjourned and the judge attempted, apparently by an order at chambers, to extend the time for filing a bill of exceptions allowed at the trial term. It was held that he had no such authority.

In *Blanton* v. *Tenn. Central R. Co.,* 4 Tenn. App., 335, the Court of Appeals held that the trial judge was without authority by order at a subsequent term to extend the time allowed for filing the bill of exceptions at the trial term and this court concurred in that conclusion. In this case the trial term was the February term of a cir-

cuit court of Davidson County and in the course of his opinion, Judge Faw very properly observed: "At any time before the adjournment of the February term the court could have made a valid order in the instant case extending the time for filing a bill of exceptions (within the limits prescribed by the statute), but upon final adjournment of the term the power of the court over the record was gone, and the order of May 10 purporting to extend the time was a nullity. *State* v. *Dalton,* 109 Tenn., 544, 548-9; *Shaw* v. *Shaw,* 152 Tenn., 360, 363." *Blanton* v. *Tenn. Central R. Co., supra.*

The statement quoted is fully sustained by the authorities therein cited. So long as the court remains in session, generally speaking, "the record is in the breast of the judge, and all judgments entered at that term may be vacated or modified upon any subsequent day of the term." *State* v. *Dalton, supra.*

Chapter 65 of the Acts of 1885, regulating the time of taking appeals, does not apply to an order like that of May 26. That statute provides execution may issue upon any judgment after thirty days from the entry thereof unless an appeal or appeal in the nature of a writ of error is sooner taken and applies to final judgments.

Reversed.