GEORGE W. WADE v. KNOXVILLE POWER & LIGHT COMPANY.

Eastern Section. January 18, 1930.

Petition for Certiorari denied by Supreme Court, March 5, 1930.

John A. Huff, of Knoxville, for plaintiff in error.
Cates, Smith, Tate & Long, of Knoxville, for defendant in error.

PORTRUM, J. This case was filed by McDade against the Knoxville Power & Light Company, to recover for the negligent burning of his dwelling in the City of Knoxville.

The case went to trial before the Circuit Judge and a jury and at the conclusion of all the evidence, the defendant made a motion for a directed verdict, which was overruled. The case was then submitted to the jury and, after deliberation, it was unable to agree, and reported the fact to the Circuit Judge, when a mistrial was entered. Thereafter, the defendant filed its motion for a new trial, assigning

as a ground that the court erred in failing and refusing to direct a verdict at the conclusion of all the evidence in favor of the defendant. Upon due consideration, the court concluded that it had erred in declining to sustain the motion for a directed verdict and corrected this error by directing a verdict dismissing the suit at the time of the hearing of the motion for a new trial. To this action of the Circuit Judge, the plaintiff excepted, and prayed and was granted an appeal to this court.

The case has been briefed here and errors assigned to the action of the court in sustaining the motion for a new trial and directing a verdict and the order of dismissal. The plaintiff was content to rely upon this exception and filed no motion in his own behalf for a new trial, after the action of the Circuit Judge in sustaining the defendant's motion.

Under the statute, a party is entitled to appeal not from the verdict or judgment but from the order denying his motion for a new trial. For this reason, it is necessary for the plaintiff, in such cases, to file a motion for himself, and, in the absence of such a motion, this court cannot consider the evidence and reverse the judgment of the lower court. Hamberger v. Illinois Central Railway Company, 138 Tenn., 123, 196 S. W., 144.

It follows that the judgment of the lower court is affirmed, there being no assignments touching the technical record, at the cost of the plaintiff in error and the sureties on his appeal bond.

Snodgrass and Thompson, JJ., concur.