# WARD v. HICKERSON.—236 S. W. (2d) 993.

Middle Section.    November 3, 1950.

Petition for Certiorari denied by Supreme Court, January 13, 1951.

Jay C. Evans, of Nashville, for plaintiff.

Z. T. Osborn, Jr., of Nashville, for defendant.

HOWELL, J. In this case the plaintiff W. B. Ward sued the defendant C. E. Hickerson in the Circuit Court of Davidson County for breach of a contract whereby C. E. Hickerson sold to W. B. Ward, doing business as Ward Motor Company, a 1942 Model Ford Sedan, Motor No. 45288, for the sum of $1,015.00 paid in cash. Shortly after the purchase by Ward he sold the automobile to Thomas J. Hughes and wife of California and in a short while thereafter, the automobile was replevied from Hughes and wife by the Security Investment Company of Nashville, by reason of the fact that the Investment Company had a mortgage thereon which was in default. Upon the trial of the replevin suit it was adjudged that title to the car was vested in the Investment Company at the time it was sold by Hickerson to Ward. Hughes and wife sued Ward and recovered the purchase price of the car and then this suit was filed by Ward against Hickerson.

The defendant filed a plea of not guilty and upon the hearing in the Circuit Court before a jury, a verdict was rendered against the defendant Hickerson for the purchase price of the car, $1,015.00, and the costs. The defendant has properly perfected an appeal in error to this Court and has assigned errors.

It is insisted for the defendant that the trial Court erred in not directing a verdict for the defendant as there was no evidence to support a verdict for the plaintiff.

■ There was ample competent evidence to justify the jury in finding for the plaintiff. The record discloses that on November 10, 1945, C. E. Hickerson sold this car to the plaintiff Ward, doing business as the Ward Motor Company, for $1,015.00 paid in cash. On that day the defendant Hickerson wrote a memorandum of sale in his own handwriting on a piece of scratch paper which is as follows:

"For & in consideration of $1,015.00 cash, receipt of which is hereby acknowledged I hereby sell transfer & convey to Ward Motor Co. one 1942 Ford Sedan M#-45288 Lic. 1-36629.

"This Nov. 10-45

"C. E. Hickerson"

About thirty days thereafter Ward sold this same automobile to Thomas J. Hughes of California, and thereafter it was replevied from Hughes by the Security Investment Company of Nashville, which company had a valid title thereto, and Hughes filed a bill in the Chancery Court at Nashville and by a final decree entered in Minute Book 162 at page 466, on April 15, 1948, a judgment was entered in that case against Ward in favor of Thomas J. Hughes and wife for $1,163.11 and the costs. This judgment was paid. Certified copies of the decrees in that case were filed and are a part of the record in this case. A certified copy of the original Chattel Mortgage on this car to the Securities Investment Company, duly registered in the Register's Office of Warren County, Tennessee, is also filed as an exhibit herein.

█ It is also insisted for the defendant that he made no warranty as to the title of the automobile involved and therefore is not liable. It is true that in the bill of sale there is no express warranty of title, but in a case of this kind the law will presume a warranty of title.

██ The defendant had the automobile in his possession as owner thereof and when he sold it for cash and delivered it to the plaintiff the law will import in the contract of sale a warranty of title by the seller. This subject is fully discussed in an opinion by Felts, Judge in the case of Rundle v. Capitol Chevrolet, Inc., reported in 23 Tenn. App. 151, 129 S. W. (2d) 217, 220. In that case after citing a number of cases this Court said:

"Where one in possession of goods sells them as owner, the law, in order to discourage dishonesty and fraud, will import into his contract of sale a warranty of title by him."

The Court then said:

"Such was the common law of this State upon the subject of warranties of title by the vendor in sales of personalty when the Uniform Sales Act (Code, secs. 7194-7270) was enacted. This act we think, was but declaratory of the common law on this subject. It provides (sec. 7206):

" 'In a contract to sell or a sale, unless a contrary intention appears, there is

" '(1) An implied warranty on the part of the seller that in case of a sale he has a right to sell the goods, and that in case of a contract to sell he will have a right to sell the goods at the time when the property is to pass.

" '(2) An implied warranty that the buyer shall have and enjoy quiet possession of the goods as against any lawful claims existing at the time of the sale.

" '(3) An implied warranty that the goods shall be free at the time of the sale from any charge or encumbrance in favor of any third person, not declared or known to the buyer before or at the time when the contract or sale is made.

" '(4) This section shall not, however, be held to render liable a sheriff, auctioneer, mortgagee, or other person professing to sell by virtue of authority in fact or law goods in which a third person has a legal or equitable interest.

"'These warranties by the vendor protect the vendee against liens or charges upon the goods. Johnson City v. Press, Inc., 171 Tenn. 80, 87, 100 S. W. (2d) 657.' "

■ It is also insisted for the defendant that the lien of the mortgage upon the car was not properly proven. Section 9747 of the Code of Tennessee is as follows:

"Certified copies of records.—Duly certified copies of all records and entries, official bonds, or other papers belonging to any public office, or, by authority of law, filed to be kept therein, are evidence in all cases."

We find no reversible errors in the record. The plaintiff has suffered loss of more than the amount of the verdict awarded him and the verdict is fully justified by the law and the evidence.

The assignments of error are overruled and the judgment of the Circuit Court is affirmed.

A judgment will be entered here in favor of the plaintiff W. B. Ward and against the defendant C. E. Hickerson for the sum of One Thousand and Fifteen Dollars ($1,015.00) with interest from March 9, 1950, and the costs of the case.

Affirmed.

Hickerson, J., and Kizer, Sp. J., concur.