IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 10, 2001 Session

## DeWITT SHELTON v. WADE TIDWELL and MARTHA TIDWELL

**Direct Appeal from the Circuit Court for Knox County**
**No. 00-31400     Hon. Wheeler A. Rosenbalm, Circuit Judge**

<u>**FILED AUGUST 21, 2001**</u>

**No. E2000-02913-COA-R3-CV**

Defendants sold plaintiff equipment which had been stolen.  The Trial Court entered a Judgment for plaintiff for the purchase money.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Stanley F. LaDuke, Knoxville, Tennessee, for Appellants.

W. Tyler Chastain, Knoxville, Tennessee, for Appellee.

**OPINION**

The Trial Court awarded Plaintiff judgment for $7,500.00, which he had paid to defendants for the purchase of a piece of construction equipment.  The equipment had been taken from the plaintiff by police, because the equipment had been stolen from its rightful owner.  Defendants appeal the Judgment, which we affirm.

The case was tried before the Circuit Court on stipulation of facts, and the Trial Court's Judgment before us is reviewed *de novo*, as a question of law. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993).

The stipulation of facts essentially established that Thomas Bivens sold the equipment

to defendants for $4,800.00 cash and a truck. Defendants then sold the equipment to plaintiff for $7,500.00, and gave plaintiff a bill of sale. Subsequently, Bivens pled guilty to theft for items which he had stolen from the work site of Blazer Construction Company, including the equipment sold to plaintiff. While neither plaintiff nor defendants knew the equipment had been stolen, the bill of sale which defendants gave to plaintiff states that defendants warrant the equipment to be "free of all liens and encumbrances".

The Trial Judge held that the warranty in the bill of sale had been breached by the defendants. In addition to the express warranty, this jurisdiction recognizes an implied warranty of title where "one in possession of goods sells them as owner." *See* Tenn. Code Ann. §47-2-312; *Ward v. Hickerson*, 236 S.W.2d 993 (Tenn. Ct. App. 1950); *Rundle v. Capitol Chevrolet, Inc.*, 129 S.W.2d 217 (Tenn. Ct. App. 1939).

The stipulated evidence establishes that defendants, as purchasers of stolen property, did not acquire legal title to the equipment. *McDaniel v. Adams*, 11 S.W. 939 (Tenn. 1889). When they sold the equipment to plaintiff, however, they warranted to plaintiff that they did have good title, and once plaintiff was made aware that defendants did not have title to the equipment and it was confiscated by the authorities, plaintiff was entitled to rescind the sale, and be repaid his purchase price. *Rundle*.

Accordingly, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the appellants Wade Tidwell and Martha Tidwell.

_____
HERSCHEL PICKENS FRANKS, J.